**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5198**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NORMAN D. HINTON,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (4:06-cr-00088-D-1)

Submitted:  September 24, 2009        Decided:  December 4, 2009

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph E. Zeszotarski, Jr., POYNER SPRUILL, LLP, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman D. Hinton pled guilty to assault on a United States Government employee, in violation of 18 U.S.C. § 111(a)(1), (b) (2006). The district court departed upward pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a), p.s. (2007), and sentenced Hinton to 132 months in prison. On appeal, Hinton argues that the district court abused its discretion by imposing a departure sentence and that his sentence was unreasonable. Finding no merit, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 596 (2007). Appellate review of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. If the district court determines that a sentence outside the guidelines range is appropriate, the reviewing court "should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).

A district court may depart upward from the guidelines range under USSG § 4A1.3(a), p.s., when "the defendant's criminal history category substantially under-represents the

2

seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. "In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3, p.s., cmt. n.2(B).

Here, the record supports the district court's conclusion that Hinton's criminal history category failed to adequately reflect the seriousness of his criminal history and the likelihood of his recidivism. Hinton had an extensive history of violent felonies, multiple unscored convictions not included in calculating his criminal history category, a lengthy history of lenient sentences followed by recidivism, and an "abysmal" performance while on probation. Thus, the district court did not err in imposing a departure sentence.

We also find that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court followed the necessary procedural steps in sentencing Hinton, including properly calculating and considering the applicable guidelines range, using the guidelines to fashion an appropriate departure sentence, performing an individualized assessment of the § 3553(a) factors

to the facts of the case, and stating in open court the reasons for the sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Further, the sentence was substantively reasonable under the totality of the circumstances. Despite Hinton's contentions, the district court took into account Hinton's mental health and the nature and characteristics of the offense in fashioning a sentence. The court articulated the relevant factors that warranted the departure sentence, including: Hinton's extraordinary criminal history and past lenient treatment, the seriousness of assaulting a Government employee in the federal courthouse, the need to deter Hinton and others from committing similar crimes, the need to protect the public in light of Hinton's likely recidivism, and the need for an appropriate sentence for rehabilitation and treatment for his cognitive limitations and mental illness.

We conclude that the district court did not abuse its discretion in imposing the 132-month sentence. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED